UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS HEZEKIAH TAFARI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, MEGAN J. BRENNAN, Postmaster General,<br><br>Defendant. | No. 2:17-cv-113-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendant Megan Brennan's motion to dismiss plaintiff's claims two through seven for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] ECF No. 12. Plaintiff has filed a statement of non-opposition to the motion.[2] ECF No. 14.

For the reasons stated in the government's motion, it is recommended that the motion to dismiss be granted. Plaintiff's second claim, which is brought under the Americans with Disabilities Act ("ADA"), must be dismissed as the United States has not waived its sovereign

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court has determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for May 24, 2017, is hereby vacated. E.D. Cal. L.R. 230(g).

1

immunity under the ADA. *See Gray v. United States*, 69 Fed. Cl. 95, 102 (2005) ("[T]he United States has not waived its sovereign immunity to be sued under the ADA . . . ."); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985) (Rehabilitation Act "is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap.").

Plaintiff's third, fourth, and fifth claims under the Privacy Act are barred by the Civil Service Reform Act ("CSRA") as each claim challenges plaintiff's termination, a "prohibited personnel practice" under the CSRA. *See* 5 U.S.C. § 2302 (a)(2)(A) (defining a "prohibited personnel practice"); *Orsay v. U.S. Dept. of Just.*, 289 F.3d 1125, 1129-30 (9th Cir. 2002) ("Because Appellants' Privacy Act claims are in fact complaints about 'prohibited personnel practices' under the CSRA, we hold that the CSRA precludes consideration of the claims."), *abrogated on other grounds by Millbrook v. United States*, 133 S. Ct. 1441 (2013)).

Lastly, plaintiff's claims for intentional and negligent infliction of emotional distress (sixth and seventh claims) must be dismissed for failure to exhaust administrative remedies under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("The FTCA requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury."); Declaration of Kimberly Herbst ISO Def.'s Mot. to Dismiss (ECF No. 12-2) (demonstrating that plaintiff did not submit an administrative tort claim with the United States Postal Service).

Accordingly, it is hereby ORDERED that the May 24, 2017 hearing on defendant's motion to dismiss is vacated.

Further, it is RECOMMENDED that defendant's motion to dismiss for lack of jurisdiction (ECF No. 12) be granted and plaintiff's claims two through seven be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE