UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS HEZEKIAH TAFARI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, MEGAN J. BRENNAN, Postmaster General,<br><br>Defendant. | No. 2:17-cv-113-MCE-EFB PS<br><br><br><br>ORDER |

This case is before the court on plaintiff's motion for an order deeming facts admitted due to defendant's alleged failure to timely respond to plaintiff's request for admissions.[1] ECF No. 45. As explained below, plaintiff's motion is denied because defendant timely responded to plaintiff's discovery request.

Federal Rule of Civil Procedure ("Rule") 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." When the discovery request is served by mail, the responding party is provided 3 additional days to serve her response. *See* Fed. R. Civ. P. 6(d).

---

[1] This case was reassigned to the undersigned based on the consent of the parties. ECF No. 133; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(b)(1).

1

1       Here, plaintiff served defendant, by mail, with requests for admissions on December 4, 2018. Pursuant to Rules 36(a)(3) and 6(b), defendant was required to serve her responses within 33 days or, in this instance, by January 6, 2018. However, that January 6 was a Saturday. Rule 6(a)(1)(C) provides that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, defendant was required to serve responses by the following Monday, January 8, 2018. The record reflects that defendant's responses were served on that date. ECF No. 47 at 2 (proof of service dated January 8, 2018).

      Plaintiff argues, however, that defendant's counsel actually received the discovery requests on December 5, 2017, and was therefore required to serve responses 30 days thereafter. In support of this position, he submits a United States Postal Service tracking document, which indicates the discovery request at issue was placed in counsel's mailbox on December 5, 2017. ECF No. 45 at 8. The date counsel actually received the discovery request is not relevant. Under Rules 36, the commencement of the response period is established by the date of service, not the date the document is received. Further, Rule 6(d) does not carve out an exception to the additional 3 day rule when the document served by mail is received in less than 3 days. Nor does plaintiff cite any authority for his position that Rule 6(d) does not apply in this case.

      The court finds that defendant timely responded to plaintiff's discovery request. Accordingly, plaintiff's motion for an order deeming certain facts admitted (ECF No. 45) is denied.

DATED: February 7, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2